RICHARD D. AKIN and EVAN LEWIS *vs.* GEORGE W. DENNY, Sheriff, JOSEPH R. BROWN and ISAAC BROWN.

*When a Constable has no authority to Collect debts and Receipt for the same.*

The holder of certain promissory notes placed them in the hands of a justice of the peace, to have the necessary proceedings taken to obtain judgments. The magistrate issued process to a constable directing him to summon the defendants to appear at the suit of the plaintiff on said notes. Judgments were rendered and superseded. At the expiration of the stay of execution, the amounts of the several judgments were paid by the defendants therein to the constable, the magistrate declining to receive the money. The constable receipted to the defendants for the money, and entered on the docket of the magistrate "satisfied in full" as to the several judgments. No execution was issued to the constable, nor had he any connection with the judgments, or the collection of the claims, other than the service of the mesne process of summons on the defendants to appear before the magistrate. Copies of these judgments were subsequently procured by the plaintiff from the magistrate, and writs of *fieri facias* thereon were issued to the sheriff by another magistrate against the goods, chattels, &c., of the defendants, and were levied upon their property. On a bill filed by the defendants to restrain further proceedings under the several writs of *fieri facias*, it was HELD:

That the constable had no authority to receive the money due on the judgments and enter the same "satisfied" on the magistrate's docket,—such

entries were mere nullities; and the executions subsequently issued on the judgments by a magistrate other than the one before whom they were recovered, were regular, and in all respects legal.

The only way by which a constable in his official character derives authority to proceed in the collection of debts, is either by having the evidence of debt or claim placed in his hands for collection according to law, or having directed to him an execution commanding him to make, by levy, the debt, damages or costs recovered against the defendant.

APPEAL from the Circuit Court for Cecil County, in Equity.

The bill of complaint in this case, filed by the appellants against the appellees, charged that on the 7th of April, 1869, the appellee, Isaac Brown, obtained two judgments before a certain George R. Howard, a justice of the peace, against the appellant, Richard D. Akin, each for $90.36 debt, with interest from date, and costs; and that on the same day said judgments were superseded for one year by the appellant, Evan Lewis; and further, that on the said 7th of April, 1869, the said Isaac obtained before the said justice of the peace a judgment against the said Lewis for $78.95, with interest, &c., and that on the same day said judgment was superseded for twelve months by said Akin. The bill further charged that the three notes on which the three several judgments were obtained, were placed by the said Isaac with and under the control of the said justice of the peace for collection, and that he issued process and put the same into the hands of a certain Charles E. Lewis, constable; and that on the day when the supersedeas in said cases expired, the full amount of each of said judgments, including interest and costs, was collected by the said constable from the appellants respectively, the justice of the peace having refused to receive the same, and having informed them that the constable could receive the money; that the constable as such gave receipts in full, and entered on the docket of the magistrate, "satis-

fied in full." That afterward the said magistrate, refusing, or being unwilling to issue executions upon the said judgments, the appellee Isaac obtained copies thereof, and caused executions to be issued thereon by the appellee Joseph, against the goods and chattels of the appellants; that said executions were directed to the appellee George W. Denny, sheriff of the county, who had levied the same on the personal property of the appellants and was about to advertise and sell the same; that at said contemplated sale the numerous articles of their personal property would probably be purchased by a large number of different persons, and that in order to regain possession of them, the appellants would be forced to resort to separate suits against the several purchasers, which would be attended with great expense, annoyance and vexation, and would, at the best, be an inadequate remedy. In order therefore to prevent a multiplicity of suits, and the great and irreparable injury that would result to the appellants from the sale of their property, they prayed that a writ of injunction might issue restraining the sheriff as aforesaid from all further proceedings under the said several writs of *fieri facias*, and the said Joseph, justice as aforesaid, and the said Isaac from taking any further steps to make the property of the appellants responsible for said judgments. The injunction was issued as prayed.

Afterward the appellee George answered, admitting that he had received from the appellee Joseph, as a justice of the peace, certain writs of *fieri facias* issued at the suits of the appellee Isaac, and had proceeded to levy the same upon the property of the appellants, and was proceeding to advertise and sell said property when he was restrained by the injunction served upon him.

The appellee Joseph also answered, admitting that he did issue writs of *fieri facias* as charged in the bill of complaint, and that they were directed to the appellee

George as sheriff of Cecil county. He further said that the copies of the judgments produced to him by the appellee Isaac, did not show that any writ of *fieri facias* had issued on the judgments, or that the said Charles E. Lewis, as constable, or as the agent or attorney of the said Isaac was authorized by law to receive the money due upon the judgments, or to enter the same "satisfied" on the docket; and that such entry was a mere nullity and the judgments therefore remained unsatisfied in fact and in law; and such being the case, he felt it his duty to issue the writs of *fieri facias* on the judgments aforesaid.

The answer of the appellee Isaac is sufficiently stated in the opinion of the Court. A general replication was filed to the answers, and the case submitted to the Court upon notes by both sides.

On the 2nd of August, 1871, the Court, (STUMP, J.) passed an order dissolving the injunction; and from this order the present appeal was taken.

The cause was submitted on briefs to BARTOL, C. J., STEWART, BOWIE, MILLER, ALVEY and ROBINSON, J.

*James B. Groome* and *Alexander Evans*, for the appellants.

The magistrate Joseph R. Brown, had no authority to revise the proceedings of George R. Howard, another magistrate; nor to treat them as nullities; nor to issue executions on copies of judgments marked "satisfied;" if the plaintiff Isaac felt aggrieved, by the refusal of the magistrate, Howard, to issue executions, he should have applied to the Circuit Court for remedy, by mandamus or otherwise. *Bacon's Abridg't, Title "Mandamus," A. D.;* 3 *Black. Comm.*, [42] [110]; *Williamson vs. Carnan*, 1 *G. & J.*, 196.

The appellee, Isaac, had full remedy by a suit upon the bond of the constable, or by suit against the consta-

ble.   *Code of Pub. Genl. Laws, Art.* 23, *secs.* 2, 7, 18, 23 *and* 24.

The constable had power to receive the money due upon the judgments.   *Code, Art.* 23, *sec.* 7.

Section 2 of Article 23, makes it a part of the condition of the bond, that he shall well and truly pay over all sums of money, "*received on judgments.*"   If he has *collected* any sums of money, and does not pay over the same, his bond is liable.   *Code, Art.* 23, *sec.* 18.   "*Collected,*" not "*collected under execution.*"   *Bosley vs. Smith and Campbell,* 3 *Hump.,* 406; *Michie, et al. vs. The Governor, &c.,* 4 *Hump.,* 486; *Wilson vs. Coffield, et al.,* 5 *Iredell,* 513.

The entry of "satisfied" made by the constable upon the docket, with the magistrate's assent, is equivalent to a return of "levied, made and satisfied," and stands in its place; he has treated the matter as if there were an execution, or had been an execution in his hands, and neither he nor his sureties would be permitted to aver the contrary.

*J. T. McCullough,* for the appellees.

The constable, Lewis, had no authority to receive the money due on the judgments recovered against the appellants, it being admitted that there was no *fieri facias* in his hands authorizing him to do so; and further, that Isaac Brown had not placed the claims originally in his hands, in pursuance of sections 20 and 21 of Article 23 of the Code, nor in any form had constituted either the constable or the justice, his agent to receive the money due on the judgments.

The legal proposition which the appellants seek to maintain is, that a constable, by virtue of his office, has a right to receive the amount due on any judgment, on the docket of the justice of the peace, and enter "satisfied" on the docket—that is release the judgment, and

the party owning the judgment has no redress except against the constable or his sureties on his official bond.

The arguments to establish this novel proposition, are drawn principally from the statutes regulating the duties of constables, and the words in the form given for his official bond. *See Code, Art.* 23, *sec.* 2.

In a suit brought on the official bond of a constable against himself and sureties, the plaintiff in the action must prove that the claim for which he sues was placed in the constable's hands, and that he was liable for the same in his official character as constable. This may be done by proof of the receipt required in sec. 11, Art. 23 of the Code, which the constable is required to give under a penalty of five dollars, in case of refusal or neglect. Or perhaps it might be shown by parol evidence that the claim was placed in the constable's hands by the plaintiff. In this way the constable has authority directly from the plaintiff, and the statute provides, that when so authorized, he becomes liable as an officer.

The only other mode of establishing the constable's liability is to show that a writ was in his hands which he has failed to execute or return, or which having executed and returned, that he has failed to pay over the money collected and received in virtue of it. The money received by him on such a writ is received "on judgment," and he has no authority to receive "on judgment" except as the agent of the plaintiff or in virtue of the writ. Otherwise the money does not reach him officially, and his bond cannot be held liable. This is the correct construction of the statute laws referring to the duties of constables, on the subject of collecting money.

There is no distinction whatever between the power of a constable and that of a sheriff, so far as relates to their responsibilty in collection of money, except that sec. 20, Art. 23 of the Code, provides for the liability of the constable for claims placed in his hands.

Akin & Lewis *vs.* Denny, *et al.*

The cases cited by the appellants' counsel do not sustain them in the position they have assumed. These cases were upon the official bonds of constables who had been entrusted by the plaintiff with the collection of money, or for money collected on legal process.

ALVEY, J., delivered the opinion of the Court.

The order appealed from in this case must be affirmed. The sole question presented by the record is whether the constable had authority to receive the money due on the judgments, and to enter the judgments satisfied. If not, it is clear the executions subsequently issued thereon by another magistrate than the one before whom the judgments were recovered, were regular and in all respects legal.

It is not alleged or pretended, that the notes upon which the judgments were founded, were placed in the hands of the constable for collection. The allegation in the bill is that they "were placed by the said Isaac Brown with and under the control of the said George R. Howard, justice of the peace, for collection, and that the said justice of the peace issued process to a certain Charles E. Lewis, then one of the constables of Cecil County, aforesaid, directing him to summon your orator to appear at the suit of said Isaac Brown, on said notes; and that after judgments had been rendered, superseded, and the stay expired, the amounts of the several judgments had been paid over by the defendants therein to the constable Lewis; the magistrate declining to receive the money. But the constable had no executions in his hands, and he was in no otherwise connected with the judgments, or the collection of the claims, than the mere service of the mesne process of summons on the defendants to appear to the cases before the magistrate. This certainly gave him no control over the judgments, and in no manner constituted him the agent for the collection of

the money due on them, without execution properly directed to him.

As to the authority alleged to have been delegated to the magistrate, Howard, to collect the money due on the notes, the answer of the plaintiff in the judgments expressly denies that any such authority was given. The answer avers that the notes were placed in the hands of the magistrate simply to have the necessary proceedings taken to obtain judgments, and denies "that the said notes were under the control of the said justice, or that of any other person, for any other purpose whatever." Again, it avers, that neither the magistrate nor the constable, "had any authority whatever to receive the said sums of money due on said judgments, or to mark or enter on the docket of the said justice of the peace, that the said judgments were 'satisfied in full,' or otherwise."

But if it were even true, that the notes had been placed in the hands of the magistrate, with authority to collect them, it did not follow that the constable, by serving mesne process only, became entitled to receive the money, or that the magistrate could have delegated to him such authority, without placing executions in his hands to be proceeded on in due course of law. The plaintiff in a judgment is certainly entitled to the privilege of selecting his own agent to collect his money, whenever it becomes necessary to employ an agent for that purpose; and the only way by which a constable, in his official character, derives authority to proceed in the collection of debts, is either by having the evidence of debt or claim placed in his hands for collection according to law, or having directed to him an execution commanding him to make, by levy, the debt, damages, or costs recovered against the defendant. In this case, authority has been delegated in neither of these modes, nor, indeed, in any other, by the proper party, as far as the transaction has been disclosed by the record before us.

There being no authority therefore, in the constable, to receive the money due on the judgments, it follows, as a necessary legal consequence, that the entries made and signed by him on the magistrate's docket, of satis- faction were simply nullities ; and as it is not alleged or in any manner shown that the plaintiff in the judg- ments has received the money, or any part of it, that was paid over to the constable, the injunction restrain- ing the executions on the judgments was very properly dissolved ; and the order appealed from will, therefore, be affirmed.

*Order affirmed.*

(Decided 11th December, 1872.)